AKTIESELSKABET DAMPSKIBSSELSKABET VESTERHAVET, Plaintiff,
*v.* W. A. KIRK & Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, August 31, 1943.

*Kirlin, Campbell, Hickok & McGrann* for Republic of Chile, appearing specially.

*Haight, Griffin, Deming & Gardner* for plaintiff.

*Bigham, Englar, Jones & Houston* for Aetna Insurance Company, defendant.

*Ignatius & Stone* for Halifax Insurance Company, defendant.

VALENTE, J. The present action has been brought by plaintiff, a private corporation organized in Denmark, against five private nongovernmental corporations to impress a trust upon the proceeds of policies of insurance upon a vessel claimed to be owned by plaintiff. The vessel was lost while being operated by defendant, Compania Sud Americana de Vapores, a Chilean corporation, hereinafter referred to as C. S. A. V., pursuant to a contract between C. S. A. V. and the Republic of Chile, which had taken possession of the vessel pursuant to certain Chilean decrees. The Republic of Chile, not named as a party to the action, has moved for leave to appear specially and also for dismissal of the suit on the ground that it is a necessary party to the litigation and is entitled to sovereign immunity.

Obviously the mere assertion by a foreign government of a claim that it is a necessary or indispensable party to an action brought here against others does not, in and of itself, deprive our courts of the right to make a contrary decision. Otherwise actions brought in this State against private individuals or corporations and in no way affecting any interest of a foreign government would be subject to dismissal whenever a foreign government chose to interpose a claim to such interest, however unfounded and baseless such claim might be. That our judicial tribunals are not concluded by a foreign government's assertion of indispensability, but are free to decide for themselves whether there is merit in the contention that the foreign government is a necessary party to the litigation, is well settled. (*Lamont* v. *Travelers Ins. Co.,* 281 N. Y. 362, 372; *Fields* v. *Predionica i Tkanica A.D.,* 263 App. Div. 155.)

The total amount of insurance covering the vessel at the time of its loss was $562,500. Of this amount $450,000 represented policies taken out by C. S. A. V. for account of the Republic of Chile, pursuant to the instructions of the Chilean government. The other $112,500 consisted of insurance effected by C. S. A. V. for its own benefit to reimburse it for any expenses, disburse-

ments or losses it might suffer and any responsibilities it might have to the Chilean government as the result of the loss of the vessel.

At the time the present action was commenced no part of the proceeds of the insurance policies had been paid to the Republic of Chile by the insurance companies or by C. S. A. V., which had already collected $498,225 from the insurance companies. Thereafter C. S. A. V. paid over $350,000 to the Chilean government. After the motion to dismiss was made C. S. A. V. paid over an additional $95,500 to the Chilean government. The insurance written for the latter's account has thus been paid over in full, less the customary collection commission of one per cent. Whatever the rights of the Republic of Chile may have been at the time this action was started and at the time the undecided motion to dismiss was originally made, it is clear that *at the present time* it no longer has any legal interest in any determination which may be made in the instant litigation as to the rights of plaintiff and the present defendants in the $450,000 insurance written for its account. A decision for plaintiff in a suit to which Chile is not a party cannot deprive the latter of payments made to it by C. S. A. V. with full knowledge of plaintiff's adverse claim. Neither C. S. A. V. nor any of the other defendants has made any claim that the Republic of Chile is an indispensable party to this action. That claim is asserted only by Chile itself.

The fact that payment in full of Chile's claim against the insurance fund did not occur until after the making of the motion for leave to appear specially and to dismiss the action should not affect the situation. The granting of the motion would be futile, for plaintiff would still be free to bring another action against C. S. A. V. to impress a trust against the $112,500 and to hold it liable for making payment of $445,500 to Chile after notice of plaintiff's claim. Chile, having been paid, could not successfully intervene in and dismiss such action. It should be borne in mind, moreover, that in an action in equity the decree is based on the situation existing at the time of trial rather than upon that obtaining at the date suit was commenced. It is relevant to point out, also, that amendments to the Civil Practice Act enacted in recent years, dealing with supplementary complaints, authorize an action to continue notwithstanding that plaintiff did not possess a cause of action when the summons was served. (§§ 245, 245-a, 245-b.) In the instant case no supplemental complaint is necessary for the facts upon which Chile bases its motion do not appear in the complaint. Plaintiff **may**

recover upon the trial on its present complaint, equity molding its decree to fit the factual situation then presented.

As to the insurance moneys which have not been paid over to the Chilean government, the situation is even clearer. The stipulation entered into between plaintiff and the Republic of Chile expressly concedes that the insurance policies aggregating $112,500 were taken out by C. S. A. V., not for the benefit of or at the request of Chile, but rather " *to reimburse C. S. A. V.* for the expenses, disbursements and losses of C. S. A. V. and the responsibilities C. S. A. V. might have to the Chilean government as a result of loss of the vessel " (italics the court's). The proceeds of the insurance were thus intended not to be paid over directly, in whole or in part, to Chile, but to C. S. A. V. to reimburse C. S. A. V. for various items, including any sums it might owe Chile. Chile had no direct interest in the $112,500 of insurance, for it was not the intended insured even though the purpose of the insurance was, in part, to indemnify C. S. A. V. for any liability it might incur to Chile. The brief submitted by the attorneys for Chile recognizes that the assured under the policies for $112,500 was C. S. A. V. rather than Chile (p. 15): " The result was that both the Chilean government and C. S. A. V. were legally cognizable as the assured under these policies, the former with an interest of $450,000. and the latter with an interest of $112,500.00." Indeed it seems to be conceded that Chile has no interest in the $112,500. Thus the brief submitted in its behalf refers to the $112,500 as an item (p. 20) " which C. S. A. V. had insured for its own protection." The brief takes the position that plaintiff can have no claim upon this $112,500 (pp. 20, 21), rather than that Chile possesses a legal interest in the $112,500. The merits and validity of plaintiff's effort to impress a trust upon the $112,500 (or, for that matter, upon the $450,000 as well) are not, however, before the court for adjudication at this time. For the purposes of the instant application it must be assumed that plaintiff's claim that all the insurance funds should be impressed with a trust in its favor is at least *prima facie* valid.

For the reasons indicated, this court holds that the Republic of Chile is not an indispensable party to the present action and the motion is accordingly denied.